Opinion issued October 23, 2003























In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00303-CR
____________
 
SAMUEL CARRANZA, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1077101
 

 
 
MEMORANDUM OPINION
          Appellant, Samuel Carranza, pleaded guilty to the misdemeanor offense of
driving while intoxicated, and the trial court assessed appellant’s punishment at
confinement in jail for 180 days and a $200 fine. The trial court suspended the
sentence and placed appellant on community supervision for one year. In his sole
point of error, appellant contends that the trial court erred in denying his motion to
suppress intoxilyzer test results. We affirm.
Facts and Procedural Background
          At the suppression hearing, Jersey Village Police Officer D. James testified
that, while on patrol on September 7, 2001, at around 9:30 p.m., he saw appellant
driving a car. James stopped appellant for a traffic violation, and, suspecting that
appellant was intoxicated, administered field sobriety tests to him. Appellant failed
the field sobriety tests, and James arrested him and transported him to the Jersey
Village jail. Upon arrival at the jail, James placed appellant in a holding cell, where
he was observed by Jersey Village Police Officer S. Roskey. James then left the
holding cell area momentarily, and Roskey took custody of appellant.
          Officer Roskey testified that when, Officer James returned, Roskey took
appellant from the holding cell and removed his handcuffs. The officers then
escorted appellant to an intoxilyzer room. Roskey estimated that one and one-half to
two minutes elapsed from the time appellant entered the jail to the time he entered the
intoxilyzer room. Once inside the intoxilyzer room, James administered videotaped
sobriety tests to appellant, while Roskey observed from outside the view of the video
camera. The videotape of appellant’s sobriety tests, State’s exhibit one, is
approximately 13 minutes and 26 seconds long. After completion of the tests, Roskey
escorted appellant over to an intoxilyzer machine, started it up, and administered an
intoxilyzer test to appellant. Roskey estimated that it took two minutes to start the
machine.
          Appellant testified that the officers did not observe him for 15 minutes before
he took the intoxilyzer test. He asserted that he was left on his own several times in
the holding cell, that he was permitted to use the restroom alone on the way to the
intoxilyzer room, and that Officer Roskey left the intoxilyzer room multiple times to
spit his chewing tobacco in a trash can across the hall.
Intoxilyzer Test Results
          In his sole point of error, appellant argues that the trial court erred in denying
his motion to suppress because the State offered insufficient evidence to prove that
he was observed for at least 15 minutes prior to administration of the intoxilyzer test.
          In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. State v.
Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). On appeal, an appellate court
must not engage in its own factual review but determine whether the trial court’s fact
findings are supported by the record. Romero v. State, 800 S.W.2d 539, 543 (Tex.
Crim. App. 1990). If the fact findings are supported by the record, the appellate court
may not disturb them absent an abuse of discretion. Cantu v. State, 817 S.W.2d 74,
77 (Tex. Crim. App. 1991).
          Evidence of alcohol concentration, as shown by analysis of a specimen of a
defendant’s breath, is admissible in a criminal proceeding arising out of a driving
while intoxicated offense. Tex. Transp. Code Ann. § 724.064 (Vernon 1999). Such
a breath specimen must be taken and analyzed under the rules adopted by the
Department of Public Safety (DPS). Id. § 724.016 (Vernon 1999). In regard to
intoxilyzer tests, the DPS rules provide as follows:
An operator shall remain in the presence of the subject for at least 15
minutes before the test and should exercise reasonable care to ensure the
subject does not place any substances in the mouth. Direct observation
is no longer necessary to ensure the validity or accuracy of the test
result.

37 Tex. Admin. Code § 19.3(c)(1) (2001) (emphasis added).
          Appellant argues that the State failed to prove that (1) Officer James was a
certified intoxilyzer operator, rendering his observations of appellant irrelevant
because section 19.3(c)(1) requires observation by a certified operator, and (2)
Officer Roskey observed appellant for at least 15 minutes. Although appellant
concedes that Roskey is a certified operator, he asserts that Roskey actually left his
presence during the observation period.
          In regard to Officer Roskey’s observations, the record reveals that Roskey
testified that he in fact observed appellant for 15 minutes prior to administering the
intoxilyzer test to appellant. Appellant argues that this “general factual statement”
was insufficient to meet the State’s burden at the suppression hearing. However,
Roskey also testified that he observed appellant in the holding cell and in different
parts of the intoxilyzer room and he estimated the time that he observed appellant. 
Roskey’s estimates taken together with the time shown by the videotaped sobriety
tests add up to over 16 minutes.
          Although appellant testified that Officer Roskey left his presence during the
observation period, the trial court, as the sole trier of fact, was free to believe or
disbelieve all or any part of appellant’s or Roskey’s testimony. Cantu, 817 S.W.2d
at 77. Here, the record supports an implied finding by the trial court that Roskey
observed appellant for well over 15 minutes before administering the intoxilyzer test
to him. Because the record supports this implied finding, we need not address
appellant’s argument that only a certified intoxilyzer operator can meet the
observation requirement of section 19.3(c)(1). Accordingly, we hold that the trial
court did not abuse its discretion in denying appellant’s motion to suppress his
intoxilyzer test results.
          We overrule appellant’s sole point of error.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).